| | |
|---|---|
| 1 | HOLLIS R. PETERSON (SBN 254535) |
| | hpeterson@paulplevin.com |
| 2 | AARON A. BUCKLEY (SBN 202081) |
| | abuckley@paulplevin.com |
| 3 | EVAN A. PEÑA (SBN 268510) |
| | epena@paulplevin.com |
| 4 | **PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP** |
| 5 | 101 West Broadway, Ninth Floor |
| | San Diego, California 92101-8285 |
| 6 | Telephone: 619-237-5200 |
| | Facsimile: 619-615-0700 |
| 7 | |
| 8 | Attorneys for LG Electronics U.S.A., Inc. |

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAIJIN PARK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LG ELECTRONICS U.S.A., INC., and DOES 1 through 10 inclusive,,<br><br>Defendants. | Case No. **'20 CV1738 GPC BLM**<br><br>[Superior Court of the State of California, County of Imperial Case No. ECU001427]<br><br>**NOTICE OF REMOVAL** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant LG Electronics U.S.A., Inc. ("Defendant" or "LG"), hereby removes this action from the Superior Court of California for the County of Imperial, to this Court. The state court action ("Action") is a civil action over which this Court has diversity jurisdiction under 28 U.S.C. § 1332(a). Therefore, LG may remove the Action to this Court pursuant to 28 U.S.C. § 1441.

/ / /

/ / /

# I.
# CASE HISTORY

1. On June 9, 2020, Plaintiff Taijin Park ("Plaintiff") filed an action in the Superior Court of the State of California for the County of Imperial entitled *Park v. LG Electronics, U.S.A., Inc*. and assigned Case Number ECU001427. A true and correct copy of the Complaint and supporting documents is attached as **Exhibit A**.

2. Other than the attached Exhibit A, LG is not aware of any other documents relative to this Action in the state court case file.

3. On August 5, 2020, the Summons and Complaint were served on LG Electronics U.S.A., Inc ("LG"). A true and correct copy of the Notice of Service is attached hereto as **Exhibit B**.

4. In accordance with 28 U.S.C. § 1446(d), counsel for LG certify that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel and filed with the Clerk of the Superior Court of California, County of Imperial. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

# II.
# DIVERSITY JURISDICTION

5. Federal district courts have original jurisdiction:

> [W]here the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
> (1) citizens of different States; [or]
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

28 U.S.C. § 1331(a). An action may be removed from state court to federal district court where the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)

(citing *Williams v. Caterpillar Tractor Co.*, 786 F.2d 928, 940 (9th Cir. 1986).

6. Defendant is informed and believes that plaintiff Taijin Park was, during his employment, a citizen of South Korea who was domiciled in Baja California, Mexico and only occasionally stayed in California. Mr. Park is a South Korean national. Declaration of Heonshik Kim, ¶ 3. While he provided services to LG Electronics Mexicali, Mr. Park worked and slept in Mexicali, Baja California, Mexico during the week. *Id.* at ¶ 4. On the weekends, he traveled to be with his family in Chula Vista, California, and then returned to Mexicali at the end of each weekend. *Ibid.* Shortly after his employment ended in February 2020, Mr. Park returned to South Korea on a one-way flight. *Id.* at ¶ 6. Thus, on information and belief, Defendant alleges Mr. Park was domiciled in South Korea when he filed suit in June 2020, and that he remains domiciled in South Korea.

7. Defendant LG was at the time of the filing of this action, and still is, a citizen of Delaware (its state of incorporation) and New Jersey (its principal place of business). Declaration of Carolyn McNerney, ¶¶ 6-7; Exh. D [Certificate of Incorporation]; Exh. E [Certificate of Amendment of Certificate of Incorporation]. Thus, regardless of whether Mr. Park is a citizen of South Korea; Baja California, Mexico; or California, there is total diversity in this action.

8. The amount in controversy also exceeds $75,000, as evidenced by a demand letter drafted by Mr. Park's counsel of record alleging that his *individual damages* amount to $99,067.94, *exclusive of* interest, costs or attorneys' fees. McNerney Decl., ¶¶ 3-4; Exh. C [Demand Letter]. A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of plaintiff's claim. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Although LG contests liability, it believes Mr. Park's demand represents a good faith estimate of the amount in controversy because his attorney estimated Mr. Park's allegedly unpaid wages, unpaid overtime, and missed rest and meal periods and then used those estimates, and several premium and penalty provisions in the

California Labor Code, to arrive at $99,067.94.

9. In addition, the amount in controversy is actually higher than $99,067.94 because "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F3d 1150, 1156. Most of Mr. Park's claims allow the Court to award attorneys' fees, and he has requested his attorneys' fees on those claims (among others where fees are not recoverable),[1] thus, a significant portion of his fees should be included in the amount in controversy. Exh. A [Complaint] ¶¶ 64, 69, 74, 79, 83, 88, 94 and 107. Although LG cannot accurately estimate Mr. Park's attorneys' fees, they raise the amount in controversy beyond the $99,067.94 figure in his demand letter.

WHEREFORE, LG prays the above action now pending against it in the Superior Court of the State of California for the County of Imperial be removed to this Court.

Dated:  September 4, 2020

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

By:    */s/ Evan A. Peña*
HOLLIS R. PETERSON
AARON A. BUCKLEY
EVAN A. PEÑA
Attorneys for Defendant LG Electronics U.S.A., Inc.

---

[1] A prevailing plaintiff cannot claim their attorneys' fees on causes of action for missed rest breaks (Mr. Park's third claim), missed meal breaks (his fourth claim), or waiting time penalties (his sixth claim). *Kirby v. Immoos Fire Protection, Inc.*, 53 Cal.4th 1244, 1248 (2012) [meal and rest break claims]; *Ling v. P.F. Chang's China Bistro, Inc.*, 245 Cal. App. 4th 1242, 1260-61 (2016) [waiting time penalty claim].

# PROOF OF SERVICE

## Park v. LG Electronics U.S.A., Inc.
## Case No.

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 101 West Broadway, Ninth Floor, San Diego, CA 92101-8285.

On September 4, 2020, I served true copies of the following document(s) described as

**NOTICE OF REMOVAL**

on the interested parties in this action as follows:

| | |
|---|---|
| Kevin Schwin<br>LAW OFFICE OF KEVIN SCHWIN<br>1220 East Olive Avenue<br>Fresno, CA 93728<br>Telephone: (559) 715-2889<br>Facsimile: (559) 221-6812<br>E-Mail: kevin@schwinlaw.com<br><br>Attorneys for Plaintiff Taijin Park | Briana M. Kim<br>Grace E. Pak<br>BRIANA KIM, PC<br>249 E. Ocean Blvd., Suite 814<br>Long Beach, CA 90802<br>Telephone: (714) 482-6301<br>Facsimile: (714) 482-6302<br>E-Mail: briana@brianakim.com<br>grace@brianakim.com<br><br>Attorneys for Plaintiff Taijin Park |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address jgonzalez@paulplevin.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 4, 2020, at San Diego, California.

*/s/ Jennifer Gonzalez*
_____
Jennifer A. Gonzalez

## TABLE OF CONTENTS

| Exhibit | Description | Page No. |
|---|---|---|
| A | Complaint and supporting papers filed on June 6, 2020 | 1-29 |
| B | Notice of Service | 30 |
| C | Demand Letter dated March 24, 2020 | 31-35 |
| D | Goldstar Electronics International Inc. Certificate of Incorporation | 36-38 |
| E | LG Electronics U.S.A., Inc. Certificate of Amendment of Certificate of Incorporation | 39-40 |

717735.1