UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAIJIN PARK, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>LG ELECTRONICS U.S.A., INC., and DOES 1 through 10 inclusive,<br><br>　　　　　　　　　　　Defendants. | Case No.:  3:20-cv-1738 GPC (BLM)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>**[ECF No. 5.]** |

　　　Plaintiff Taijin Park ("Plaintiff") brings this putative class action alleging various state law labor and wage violations arising from his employment with LG Electronics, U.S.A, Inc.  Defendant LG Electronics U.S.A., Inc. ("Defendant") has filed a Motion to Dismiss Plaintiff's Complaint.  ECF No. 5.  The Motion has been fully briefed.  ECF Nos. 7, 9.  The Court finds this motion suitable for disposition without oral argument pursuant to Civ. L.R. 7.1(d)(1).  For the reasons set forth below, the Court GRANTS

1

Defendant's Motion and dismisses the Complaint without prejudice. The Court further VACATES the hearing on this matter scheduled for November 27, 2020.

## I. Background

On June 9, 2020, Plaintiff filed a putative class action in the Superior Court of California for Imperial County against Defendant LG Electronics U.S.A., Inc., and Does 1 through 10 inclusive, alleging a number of violations of the California Labor Code ("CLC") and unfair business practices under the Unfair Competition Law ("UCL"). ECF No. 1, Ex. A ("Complaint"). On September 4, 2020, Defendant removed the action to this Court. ECF No. 1. The instant Motion followed. ECF No. 5.

Plaintiff alleges that he "is an individual who, during the time periods relevant to this Complaint, was employed by Defendant LG U.S.A., Inc. . . . located in Calexico, California." Complaint ¶ 1. Plaintiff states he was employed in a non-exempt position from approximately May 2014 to February 17, 2020, in a position that involved "collecting and inputting data, setting up project management improvement plans based on [LG's] policies/procedures, and scheduling, collecting, and logging total preventative maintenance ('TPM') plans." *Id.* ¶ 9. According to Plaintiff, he and other members of the putative class were "[n]ot paid for all hours worked in violation of the California Labor Code; [n]ot paid for missed meals and/or rest periods in violation of the California Labor Code; [n]ot paid for all overtime wages at correctly computed rates in violation of the California Labor Code; [n]ot paid all unused accrued vacation wages in violation of the California Labor Code; and [n]ot provided with accurate itemized wage statements in violation of the California Labor Code." *Id.* ¶ 7. Plaintiff also alleges that these violations of the CLC constitute violations of the UCL. *Id.* ¶ 97.

## II. Legal Standard

Federal Rule of Civil Procedure ("Rule") 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal

under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[F]or a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted). The Court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend.

\ \ \

\ \ \

III. Discussion

  A. Failure to State a Claim

Defendant moves to dismiss the Complaint in its entirety under Rule 12(b)(6) on the basis that Plaintiff has not pled facts sufficient to show that California employment law applies to Plaintiff's employment, which Defendant contends occurred solely in Mexicali, Mexico. Plaintiff opposes, arguing that he has pled facts sufficient to show Plaintiff performed work in California and that, accordingly, the provisions of the CLC apply.

In reviewing a Rule 12(b)(6) motion to dismiss, the Court must "begin by taking note of the elements a plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. To state a claim for relief under the provisions of the CLC, a plaintiff must allege facts to meet the threshold requirement that he or she is an employee covered by the provisions. The California Supreme Court has noted that California's "employment laws apply to '*all individuals*' employed in this state." *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1197 (2011) (quoting Cal. Lab. Code § 1171.5(a)). However, the California Supreme Court has explicitly declined to hold that particular labor provisions, like minimum wage orders, "*never* [apply] to employment outside of California."[1] *Tidewater Marine W., Inc. v. Bradshaw*, 14 Cal. 4th 557, 578 (1996). But while there may be "limited extraterritorial application of California's employment laws," *Sullivan*, 51 Cal. 4th at 1197, a case must present the "kinds of California connections [that] will suffice to trigger the relevant provisions of California law," *Ward v. United Airlines, In*c., 9 Cal. 5th 732, 752, 466 P.3d 309, 319 (2020). Whether a particular California employment law

---

[1] Specifically, the court suggested that "California law . . . might follow California resident employees of California employers who leave the state "'temporarily . . . during the course of the normal workday.'" *Sullivan*, 51 Cal. 4th at 1199 (quoting *Tidewater*, 14 Cal. 4th at 578).

4

will apply to an interstate employment relationship is a matter of statutory interpretation of the provision at issue. *Id.*

Plaintiff alleges a number of different CLC violations arising from his employment with LG, including minimum wage violations, failure to pay overtime, meal and rest break violations, and failure to provide CLC-compliant wage statements. These provisions may apply to non-California conduct to different extents, but none can be interpreted to apply to work with no connection to California other than the location of the employer. At a minimum, the employment violations at issue must have some connection to California. *See Ward*, 9 Cal 5th at 755 (finding wage statement provisions in Section 226 applied to workers who do not work a majority of their time in any state, "provided that California is the state that has the most significant relationship to the work"); *Oman v. Delta Air Lines, Inc.*, 9 Cal. 5th 762, 775 (2020) (applying *Ward* and declining to "allow[] any work in California, no matter how fleeting, to effectively impose California law on documentation of all work in a pay period"); *Sullivan*, 51 Cal. 4th at 1197−98 (considering location of the nonexempt overtime work performed to determine that CLC overtime provisions could apply to nonresidents who worked full days or weeks in California). Several district court decisions, though decided before *Ward* emphasized that there is no one-sized-fits-all test for determining the extent of California employment law's extraterritorial reach, looked to the relationship of the employee's claims to California to determine whether the CLC could apply. *Bernstein v. Virgin Am., Inc.*, 227 F. Supp. 3d 1049, 1064 (N.D. Cal. 2017) (finding plaintiffs had failed to rebut presumption against extraterritorial application of meal period and rest break provisions for breaks occurring outside of California, as plaintiffs did not show policy originated from California headquarters); *Yoder v. W. Express, Inc.*, 181 F. Supp. 3d 704, 724–25 (C.D. Cal. 2015) (considering location of work and employee's residence to determine if employee could claim protection under various CLC provisions and

5

UCL); *Sarviss v. Gen. Dynamics Info. Tech., Inc.*, 663 F. Supp. 2d 883, 900–01 (C.D. Cal. 2009) (considering location of work to determine if California resident employee was covered by minimum wage provisions). Although at this stage of the case the Court does not attempt to identify precisely how far, if at all, each provision of the CLC extends beyond California's borders, as the California Supreme Court has noted, "the central insight that has long guided courts seeking to discern the geographic scope of legislative enactments [is] that the Legislature ordinarily does not intend for its enactments to create conflicts with other sovereigns." *Ward*, 9 Cal. 5th at 755. Were any of the CLC provisions that Plaintiff raises here to apply regardless of the claims' connection to California, serious concerns regarding interstate comity would arise.

Plaintiff has not alleged facts that indicate whether or not he worked or lived in California during his employment with LG, nor has he alleged that any of the unlawful conduct referred to in the Complaint occurred in California. After leaving aside legal conclusions, *Iqbal*, 556 U.S. at 678–79, the sole factual allegation suggesting a connection to California is the statement that his employer, LG Electronics, U.S.A., Inc., is located in Calexico, California. Complaint ¶ 1. Although this assertion leaves open the possibility that Plaintiff performed work in California or that other relevant events occurred in the state, the Court cannot supply necessary facts where Plaintiff has failed to do so. It is not "enough that the complaint is 'factually neutral'; rather, it must be 'factually suggestive'" of a claim for relief. *Somers v. Apple, Inc.*, 729 F.3d 953, 960 (9th Cir. 2013) (quoting *Twombly*, 550 U.S. at 557 n. 5). Nor can the Court infer that Plaintiff performed work in the state from the Complaint's assertion that Plaintiff's claims are typical of the claims of the class of California employees he purports to represent, Complaint ¶¶ 41, 42, 55, as that is a legal conclusion, rather than a factual allegation. *See Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) ("[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual

allegation.'").

Accordingly, because Plaintiff has not alleged where he worked or any other relationship with California beyond the location of the Defendant, the Complaint has not plausibly alleged a claim under the CLC or UCL.  The Court therefore GRANTS Defendant's Motion to Dismiss.

## B. Leave to Amend

Defendant urges the Court to deny Plaintiff leave to amend, citing materials outside of the Complaint to support its assertion that Plaintiff cannot successfully amend to allege facts that would entitle him to the protections of California wage and hour law. ECF No. 5-1 at 10.  Plaintiff asserts in his opposition that he performed work in California.  ECF No. 7 at 5–7. The Court will not wade into disputed factual issues at the motion to dismiss stage.  As Plaintiff could conceivably cure the deficiencies in the Complaint and "requests for leave should be granted with extreme liberality," *Moss*, 572 F.3d at 972 (internal quotation marks omitted),  the Court GRANTS Plaintiff leave to amend the Complaint.

## IV. Conclusion

For the reasons above, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint without prejudice.  The Court **GRANTS** Plaintiff leave to amend the Complaint.  The Court further **VACATES** the hearing currently scheduled for November 27, 2020.

**IT IS SO ORDERED**.

Dated:  November 16, 2020

Hon. Gonzalo P. Curiel
United States District Judge