Kevin M. Schwin (SBN 262595)
kevin@schwinlaw.com
**SCHWIN LAW, PC**
334 W. Shaw Ave., Ste. A
Fresno, CA 93704
Telephone: (559) 715-2889
Facsimile: (559) 221-6812

Briana M. Kim (SBN 255966)
briana@brianakim.com
Grace E. Pak (SBN 320847)
grace@brianakim.com
**BRIANA KIM, PC**
249 E. Ocean Blvd., Ste. 814
Long Beach, CA 90802
Telephone: (714) 482-6301
Facsimile: (714) 482-6302

Attorneys for Plaintiff
TAIJIN PARK

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAIJIN PARK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LG ELECTRONICS U.S.A., INC.; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 3:20-CV-1738-GPC-BLM<br><br>**FIRST AMENDED COMPLAINT**<br>[CLASS ACTION]<br><br>1. Failure to Pay Minimum Wages;<br>2. Failure to Pay Overtime;<br>3. Failure to Provide Meal Periods;<br>4. Failure to Authorize and Permit Rest Periods;<br>5. Failure to Pay Vested Paid Time Off/Vacation Wages;<br>6. Waiting Time Penalties;<br>7. Failure to Maintain Accurate Payroll Records and Furnish Accurate Itemized Wage Statements; and |

8.  Unfair Business Practices.

**[DEMAND FOR JURY TRIAL]**

COMES NOW Plaintiff, and for his causes of action against Defendants, alleges:

## PARTIES AND JURISDICTION

1.      Plaintiff Taijin Park ("Plaintiff") is an individual who, during the time periods relevant to this Complaint, was employed by Defendant LG Electronics U.S.A., Inc. ("Defendants") located in Calexico, California.

2.      Defendants manufacture and distribute electronic products, home appliances, and mobile communications, including, but not limited to, televisions, cell phones, monitors, refrigerators, air conditioners, washing machines, and projectors, and have continuous and systematic business activities in Southern California. At all relevant times herein, Defendants served as one of the employers of Plaintiff and Class members.

3.      Plaintiff brings this claim on behalf of himself and all others similarly situated as a class action.

4.      Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does One through Ten, but Plaintiff will seek leave to amend this Complaint to allege their true names and capacities once they are ascertained. Upon information and belief, Plaintiff make all allegations contained in this Complaint against all of the Defendants, including Does One through Ten.

## FACTUAL BACKGROUND

5.      This Complaint asserts claims against Defendants for violations of California Labor Code sections 201-203, 206.5, 226(a), 226.7, 227.3, 510, 512, 558, 558.1, 1174, 1182.12, 1194, and 1198 of the California Labor Code, violations of the applicable Commission wage order, and violations of section 17200 *et seq.* of the California Business and Professions Code.

6.      Defendants employed **Plaintiff and other** non-exempt workers

**FIRST AMENDED COMPLAINT**

**("other class members")** to perform various **work** activities in California. **Plaintiff and the other class members worked for Defendants in the State of California on one or more days throughout their employment. Plaintiff worked for Defendants in the State of California numerous times throughout his employment. The remaining allegations in this First Amended Complaint apply to Plaintiff and the other class members' employment on days, hours and pay periods during which they performed work in the State of California.**

7.  Plaintiff and other class members are subject to identical or nearly identical policies and procedures related to employee compensation. Defendants maintained a highly standardized human resources and management structure. These systematic and companywide policies were a cause of the illegal pay practices. Plaintiff and other class members were:

  a.  Not paid for all hours worked in violation of the California Labor Code;

  b.  Not paid for missed meal and/or rest periods in violation of the California Labor Code;

  c.  Not paid all overtime wages at correctly computed rates in violation of the California Labor Code;

  d.  Not paid all unused accrued vacation wages in violation of the California Labor Code; and

  e.  Not provided with accurate itemized wage statements in violation of the California Labor Code.

8.  Plaintiff and other class members are classified as non-exempt by Defendants and entitled to receive overtime pay.

9.  Defendants employed Plaintiff from in or around May 2014 to on or about February 17, 2020. Defendants employed Plaintiff in a non-exempt position where his duties included without limitation, collecting and inputting data, setting

**FIRST AMENDED COMPLAINT**

up project management improvement plans based on the Company's policies/procedures, and scheduling, collecting, and logging total preventive maintenance ("TPM") plans. Throughout his employment, Plaintiff worked over eight (8) hours per workday and/or forty (40) hours per workweek without proper compensation as required by California State wage and hour laws.

10.     Defendants engaged in activities including without limitation, requiring Plaintiff and other employees to review documents and attend internal company meetings beyond their scheduled shifts, and refusing to properly pay overtime payment requests.

11.     At all relevant times mentioned herein, section 510(a) of the California Labor Code provided, in part:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

Cal. Lab. Code § 510(a).

12.     Section 1194 of the California Labor Code provided:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

Cal. Lab. Code § 1194(a).

13.     Defendants' failure to timely pay Plaintiff and other employees after discharge was in violation of California Labor Code sections 510 and 1194.

14.     Defendants' employees are similarly situated in that Defendants failed to provide them with all required meal periods and rest periods, and failed to timely furnish them with a final paycheck encompassing all unpaid earned wages following separation of employment.

15.     Defendants failed to provide Plaintiff and other employees the required meal periods by having Defendants' employees work through their lunches to perform work on their behalf, without being compensated for the missed meal periods.

16.     The right to meal and rest periods has been codified in sections 226.7 and 512 of the California Labor Code.  At all relevant times mentioned herein, section 226.7 provided:

> (a)  No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
> (b)  If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

Cal. Lab. Code § 226.7.

17.     Employers are required to schedule meal periods before the end of the fifth hour of work.  At all relevant times herein, the applicable Commission wage order provided in relevant part:

> 11.  Meal Periods
>      (A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the

employer and the employee.

. . .

(C) Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

(E) In all places of employment where employees are required to eat on the premises, a suitable place for that purpose shall be designated.

. . .

12. Rest Periods

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

Wage Order No. 4-2001.

18.     Defendants' employees were not provided with an additional hour of pay for each workday that the meal period was not properly provided. Defendants' employees were either precluded from enjoying their meal period or were denied a meal period before the end of the fifth hour of work because they were required to remain at the workplace and standby for duty.

**FIRST AMENDED COMPLAINT**

19.     Plaintiff and other employees were not provided a second 30-minute meal period despite working more than ten (10) hours in a workday as required by law.

20.     In addition to being prevented from enjoying their legally mandated meal periods, Plaintiff and other employees were prevented from enjoying their rest period. Plaintiff and other employees were not provided with an additional hour of pay for each workday that the rest period was not properly provided.

21.     Defendants' failure to pay Plaintiff and other employees for missed meal and rest periods systematically violated the mandatory requirements of sections 226.7 and 512 of the California Labor Code and the applicable wage order. As a result, Defendants' employees were routinely denied proper compensation for missed meal and rest periods.

22.     Defendants' practices violate section 1198 of the California Labor Code which provided:

> The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees.  The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

Cal. Lab. Code § 1198.

23.     While employed by Defendants, Plaintiff did not get paid the minimum wage for all hours worked. California Labor Code section 1182.12 outlines the minimum wage rates for all industries, including Defendants.

24.     At all relevant times herein mentioned herein, section 1182.12 of the California Labor Code provided:

> (a)     Notwithstanding any other provision of this part, on and after July 1, 2014, the minimum wage for all industries shall be not less than nine dollars ($9) per hour, and on and after January 1, 2016, the minimum wage for all industries shall be not less than ten dollars ($10)

7

**FIRST AMENDED COMPLAINT**

per hour.

(b)      Notwithstanding subdivision (a), the minimum wage for all industries shall not be less than the amounts set forth in this subdivision, except when the scheduled increases in paragraphs (1) and (2) are temporarily suspended under subdivision (d).

(1) For any employer who employs 26 or more employees, the minimum wage shall be as follows:

(A)      From January 1, 2017, to December 31, 2017, inclusive,—ten dollars and fifty cents ($10.50) per hour.

(B)      From January 1, 2018, to December 31, 2018, inclusive,—eleven dollars ($11) per hour.

(C)      From January 1, 2019, to December 31, 2019, inclusive,—twelve dollars ($12) per hour.

(D)      From January 1, 2020, to December 31, 2020, inclusive,—thirteen dollars ($13) per hour.

Cal. Lab. Code § 1182.12.

25.     In light of Defendants' failure to pay wage premiums for missed meal and rest periods, Defendants willfully failed to pay wages promptly upon Plaintiff and other employees' separation of employment with Defendants.

26.     California Labor Code sections 201 and 202 provided that employees must receive wages earned and unpaid promptly upon termination or resignation. At all relevant times mentioned herein, the relevant portion of section 201(a) of the California Labor Code provided: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Cal. Lab. Code § 201(a).

27.     At all relevant times mentioned herein, the relevant portion of section 202(a) of the California Labor Code provided: "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter." Cal. Lab. Code § 202(a).

28.     At all relevant times mentioned herein, section 203 of the California Labor Code provided:

**FIRST AMENDED COMPLAINT**

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202 and 202.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until action therefore is commenced; but the wages shall not continue for more than 30 days.

Cal. Lab. Code § 203.

29.   Because Plaintiff who was separated from his employment did not receive wage premiums for missed meal and rest periods and did not receive all his final wages at the time required by California Labor Code sections 201-202, Plaintiff is entitled to continuing wages under Labor Code section 203.

30.   Defendants' conduct of denying Plaintiff and other employees of their unused accrued vacation time and pay violates the California Labor Code section 227.3, which requires an employer to pay upon separation of employment the employee's pro rata share of vested vacation pay.

31.   Defendants' conduct of forcing Plaintiff and other employees to execute a release of wage claims in order to receive their final pay is unconscionable and in violation of California Labor Code section 206.5.

32.   At all relevant times mentioned herein, section 206.5 of the California Labor Code provided, in part:

> An employer shall not require the execution of a release of a claim or right on account of wages due, or to become due, or made as an advance on wages to be earned, unless payment of those wages has been made. A release required or executed in violation of the provisions of this section shall be null and void as between the employer and the employee.

33.   Defendants' conduct of willfully failing to pay wages earned and unpaid promptly upon employee's termination or resignation violates the California Labor Code and also constitutes unfair competition and unlawful, unfair, and fraudulent acts and practices within the meaning of section 17200 *et seq.* of the

9

**FIRST AMENDED COMPLAINT**

California Business and Professions Code.

34.   Defendants' failure to keep and furnish accurate itemized wage statements to each employee for all hours worked by employees is a violation of California Labor Code Sections 226.  Defendants' employees were systematically deprived of wage statements that complied with requirements of section 226 of the California Labor Code.

35.   At all relevant times mentioned herein, section 226 of the California Labor Code provided:

> (a)   An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment.
> The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.
> . . .

(e)     An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

Cal. Lab. Code § 226.

36.     Defendants willfully and knowingly failed, and continue to fail, to pay compensation for unused accrued vacation in a prompt and timely manner to Defendants' employees upon separation of their employment with Defendants in violation of section 227.3 of the California Labor Code.

37.     Defendants willfully and knowingly failed to accurately account and record the hours worked by Plaintiff and other employees.

38.     Defendants' failure to maintain required payroll records showing the hours worked daily by and the wages paid to Defendants' employees is a violation of sections 226(a) and 1174 of the California Labor Code.

39.     At all relevant times mentioned herein section 1174 of the California Labor Code provided, in part:

Every person employing labor in this state shall:
. . .
(c)     Keep a record showing the names and addresses of all employees employed and the ages of all minors.
(d)     Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employer shall not prohibit an employee from

11

**FIRST AMENDED COMPLAINT**

maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned.

Cal. Lab. Code § 1174.

40.    The net effect of Defendants' policy and practice, instituted and approved by company managers, is that Defendants willfully fail to pay wage premiums on account of missed meal and rest periods, fail to timely pay minimum wages and overtime, and fail to maintain required business records to save payroll costs. Defendants enjoy ill-gained profits at the expense of their employees.

## CLASS-ACTION ALLEGATIONS

41.    Plaintiff brings this action individually and as a class action pursuant to **Federal Rules of Civil Procedure Rule 23**.

42.    The Class members are defined as follows:

Class: All non-exempt employees of Defendants, who worked in the State of California at any time during the period from four years before the filing of the Complaint through the date of the filing of a motion for class certification in this case.

43.    The Class members are further defined into the following sub-classes:

A. Minimum Wage Sub-Class:

All non-exempt employees of Defendants, who worked in the State of California at any time during the period from four years before the filing of the Complaint through the date of the filing of a motion for class certification (i.e. "the Class Period") who worked at least one hour (or fraction thereof) during the Class Period with an effective rate of pay for that hour (or fraction thereof) of less than the applicable minimum wage rate.

B. Overtime Sub-Class:

All non-exempt employees of Defendants, who worked in the State of California at any time during the period from four years before the filing of the Complaint through the date of the filing of a motion for class certification (i.e. "the Class Period") who worked at least one overtime hour (or fraction thereof) during the Class Period with an effective rate of pay for that hour (or fraction thereof) of less than the applicable overtime

12

**FIRST AMENDED COMPLAINT**

premium wage rate.

C. Rest Period Sub-Class:

All non-exempt employees of Defendants, who worked in the State of California at any time during the period from four years before the filing of the Complaint through the date of the filing of a motion for class certification (i.e. "the Class Period") who were denied an opportunity to take a duty free rest period on at least one occasion during the Class Period and were not paid an additional hour of pay at the applicable regular rate of pay as compensation for the missed rest period.

D. Meal Period Sub-Class:

All non-exempt employees of Defendants, who worked in the State of California at any time during the period from four years before the filing of the Complaint through the date of the filing of a motion for class certification (i.e. "the Class Period") who were denied an opportunity to take a duty free meal period on at least one occasion during the Class Period and were not paid an additional hour of pay at the applicable regular rate of pay as compensation for the missed meal period.

E. Paid Time Off Sub-Class:

All non-exempt employees of Defendants, who worked in the State of California at any time during the period from four years before the filing of the Complaint through the date of the filing of a motion for class certification (i.e. "the Class Period") who were terminated or resigned during the Class Period and: (a) not paid all accrued, unused paid time off/vacation pay immediately upon termination of employment or within 72 hours of resignation; or (b) were required to sign a release of liability upon termination of employment in order to obtain their accrued, unused paid time off/vacation pay.

F. Waiting Time Penalty Sub-Class:

All non-exempt employees of Defendants, who worked for Defendants in the State of California at any time during the period from four years before the filing of the Complaint through the date of the filing of a motion for class certification (i.e. "the Class Period") who were who were terminated or resigned during the Class Period and were not paid all wages then due and owing immediately upon termination or within 72 hours of resignation.

**FIRST AMENDED COMPLAINT**

44.     Plaintiff reserves the right to modify the Class definition after further discovery.

45.     Plaintiff contends Defendants, as to each Class member, failed to pay overtime compensation to those who worked in excess of 40 hours per week and/or eight hours a day.

46.     Plaintiff contends Defendants, as to each Class member, failed to provide meal and rest periods, as required by sections 226.7 and 512 of the California Labor Code, and that Defendants' failure to provide the legally mandated meal and rest periods entitles them to one additional hour of pay for each workday he or she was not provided the proper meal period and one additional hour of pay for each workday he or she was not provided the proper rest period.

47.     Plaintiff contends Defendants, as to each Class member, failed to provide all unused accrued vacation wages upon separation under Defendants' vacation policy, as required by section 227.3 of the California Labor Code.

48.     Plaintiff contends that Defendants' conduct of inducing Plaintiff and each Class member who separated from his/her employment to sign a release to obtain their final pay is unconscionable and in violation of section 206.5 of the California Labor Code.

49.     Plaintiff contends that Defendants' failure to make wage payments within the time provided by sections 201, 202, and/or 204 of the California Labor Code has been and is "willful" within the meaning of section 203 of the California Labor Code and that, accordingly, each Class member who separated from his/her employment is entitled to the continuing wages provided for by section 203.

50.     Plaintiff contends that Defendants' failure to record the proper beginning and end of each work period, the meal periods, the total hours work during the pay period, the applicable rates of pay, and the wages paid and that, accordingly, each Class member who separated from his or her employment is entitled to civil

penalties as provided in the California Labor Code section 226.3.

51.    <u>Numerosity</u>.  The number of Class members is great, believed to be in excess of 100 current and former employees.  It therefore is impractical to join each class member as a named plaintiff.  Accordingly, utilization of a class action is the most economically feasible means of determining the merits of this litigation.

52.    <u>Ascertainability</u>.  Despite the size of the proposed classes, the Class members are readily ascertainable through an examination of the records that Defendants are required by law to keep.  Likewise, the dollar amount owed to each class member is readily ascertainable by an examination of those same records.

53.    <u>Commonality</u>.  Common questions of fact and of law predominate in the class member's claims over individual issues regarding the money owed to each class member. The questions include, but are not limited to, the following:

a.    Whether Defendants violated the applicable wage order and Labor Code section 510 by failing to pay overtime compensation to employees who worked in excess of 40 hours per week and/or eight hours a day.

b.    Whether the policies and practices of Defendants described in this Complaint were and are illegal.

c.    Whether Defendants failed to provide legally mandated meal and rest periods to their employees.

d.    Whether Defendants failed to pay one additional hour of pay at the employees' regular rate of pay for each workday that the meal period was not provided and one additional hour of pay at the employees' regular rate of pay for each workday that the rest period was not provided.

e.    Whether Defendants failed to pay minimum wages to their employees in violation of section 1194 of the California Labor Code.

f.    Whether Defendants failed to pay all wages in a timely fashion

upon each and every employee's discharge or resignation of employment, in violation of sections 201 and/or 202 of the California Labor Code.

g.      Whether Defendants failed to pay for all unused accrued vacation pay upon each and every employee's separation of employment, in violation of section 227.3 of the California Labor Code.

h.      Whether Defendants induced their employees to execute a release of claim or right of wages due, or to become due, or made as an advance on wages to be earned, in violation of section 206.5 of the California Labor Code.

i.      Whether Defendants failed to keep accurate itemized wage statements showing employees' gross wages earned and failed to make the contents of those personnel records available to the current and/or former employees at reasonable intervals and at reasonable times, in violation of sections 226 and 1174 of the California Labor Code.

j.      Whether the conduct of Defendants constitutes unlawful, unfair, or fraudulent business practices.

k.      Whether the conduct of Defendants constitutes unfair competition.

l.      Whether their employees are entitled to restitution as a result of the conduct of Defendants in not providing employees with all wages earned and unpaid promptly upon termination or resignation.

m.      Whether the misconduct of Defendants as alleged herein was intentional.

54.     <u>Community of Interest</u>.  There is a well-defined community of interest in the questions of law and fact common to the Class members.

55.     <u>Typicality</u>.  Plaintiff's claims are typical of the claims of the Class members, whose claims all arise from the same general of operative facts, namely,

LG Electronics U.S.A., Inc., did not compensate and keep itemized records of gross wages, overtime hours, and unused accrued vacation wages of Plaintiff and other employees as required by sections 201-203, 206.5, 226, 226.7, 227.3, 510, 512, 1194, and 1198 of the California Labor Code, and the applicable wage order. The Plaintiff has no conflict of interest with the other Class members and are able to represent the Class members' interests fairly and adequately.

56.     <u>Superiority</u>.  A class action is a superior method for the fair and efficient adjudication of this controversy. The persons within the Class are so numerous that joinder of all of them is impracticable. The disposition of all claims of the members of the Class in a class action, rather than in individual actions, benefits the parties and the Court. The interest of the Class members in controlling the prosecution of separate claims against Defendants is small when compared with the efficiency of a class action.

57.     <u>Adequacy of Representation</u>.  Plaintiff is an adequate representative of the class, in that Plaintiff's claims are typical of those of the Class, and Plaintiff has the same interest in the litigation of this case as the Class members. Plaintiff is committed to vigorous prosecution of this case and has retained competent counsel, experienced in litigation of this nature. Plaintiff is not subject to any individual defenses unique from those conceivably applicable to the Class as a whole.

58.     <u>Manageability</u>.  Although the number of Class members is great, believed to be in excess of 100 current and former employees, the matter is manageable as a class action and the data required to establish liability and prove damages is readily available, and almost all of it is available in computerized databases.

59.     In addition to asserting class-action claims, pursuant to California Business and Professions Code section 17200 *et seq.*, Plaintiff asserts a claim on behalf of the general public. Plaintiff seeks to require Defendants to pay restitution

**FIRST AMENDED COMPLAINT**

of all monies wrongfully obtained by them through their unfair, unlawful, and/or deceptive business practices. A class action is necessary and appropriate because Defendants have engaged in the wrongful acts described herein as a general business practice.

### FIRST CAUSE OF ACTION

**Failure to Pay Minimum Wages**

***By Plaintiff, Acting Individually and for the Interests of All Class Members - Against All Defendants***

California Labor Code Sections 1182.12, 1194, 1194.2, 1198 and 8 California Code of Regulations Section 11040

60.    Plaintiff re-alleges and incorporates herein by reference paragraphs 1-59, inclusive, as though fully set forth herein.

61.    Defendants had and have a legal obligation to pay minimum wages to all non-exempt employees for all hours for which the employees are subject to the control of Defendants.

62.    Defendants failed to pay Plaintiff and the other class members all minimum wages due and owing them by failing to pay the class members minimum wages for all hours worked, including, but not limited to**,** for time spent reviewing documents and attending internal company meetings beyond their scheduled shifts,

63.    Defendants knew or should have known that they were and are legally obligated to pay Plaintiffs the other class members at least minimum wages for all hours they were subject to the control of the employer.  Yet, in willful, intentional and/or reckless disregard of the rights of Plaintiff and the other class members, Defendants failed and refused to pay any compensation for such hours.

64.    Plaintiff and the other class members have been deprived of their rightfully earned minimum wages as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  Accordingly, Plaintiff and the other class members are entitled to recover all unpaid minimum wages and/or liquidated

**FIRST AMENDED COMPLAINT**

damages in an amount according to proof at trial, representing the applicable minimum wage rate at the time the wages became due and owing times the number of hours Plaintiff and the other class members were subject to the control of Defendants but not paid for, and an equal amount of liquidated damages, according to proof, plus interest thereon, attorney's fees and costs.

## SECOND CAUSE OF ACTION

### Failure to Pay Overtime Compensation

***By Plaintiff, Acting Individually and for the Interests of All Class Members - Against All Defendants***

California Labor Code Sections 510, 1194, 1198 and 8 California Code of Regulations Section 11040

65.     Plaintiff re-alleges and incorporates herein by reference paragraphs 1-64, inclusive, as though fully set forth herein.

66.     Labor Code section 1198 provides that it is unlawful for an employer to employ persons under conditions prohibited by the applicable wage orders.

67.     California Labor Code section 510, and Industrial Welfare Commission Wage Order Number 4-2001 (8 C.C.R. § 11040) apply to the employment of Plaintiff and the other class members, and mandate that Plaintiff and the other class members be paid overtime premiums of 1.5 times the regular rate of pay for all hours worked in excess of 8 in a day and 40 in a week, and 2 times the regular rate of pay for all hours worked in excess of 12 in a day and 60 in a week.

68.     Plaintiff and the other class members worked in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek, and were not fully paid for all hours they were subject to the control of Defendants in those workdays and/or workweeks.  Thus, Defendants have failed to pay Plaintiff and the other class members overtime premiums for all overtime hours worked.

69.      Plaintiff and the other class members have been deprived of their rightfully earned overtime compensation as a direct and proximate result of

19

**FIRST AMENDED COMPLAINT**

Defendants' failure and refusal to pay said compensation.  Accordingly, Plaintiff and the other class members are entitled to recover said compensation, in an amount to be determined at trial according to proof, plus interest thereon, attorney's fees and costs.

## THIRD CAUSE OF ACTION

### Failure to Provide Meal Periods

***By Plaintiff, Acting Individually and for the Interests of All Class Members - Against All Defendants***

California Labor Code Sections 226.7, 512, 1198 and 8 California Code of Regulations Section 11040

70.     Plaintiff re-alleges and incorporates herein by reference paragraphs 1-69, inclusive, as though fully set forth herein.

71.     Labor Code sections 226.7, 512, 1198, and the applicable Wage Order provide that it is generally unlawful for an employer to employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, or for an employer to employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

72.     Defendants failed and refused to provide Plaintiff and the other class members with off-duty meal periods as required by law.  Instead, Defendants often required Plaintiff and other class members to work through all or part of their meal breaks.

73.     Pursuant to Labor Code section 226.7 and the applicable wage order(s), Plaintiff and the other class members are entitled to one hour of pay for each day Defendants did not provide them off-duty meal breaks.

74.     Defendants have failed to pay and continue to fail to pay Plaintiff or any of the other class members one hour of pay for each day Defendants did not provide them off-duty meal breaks.  Accordingly, Plaintiff and all of the other class

members are entitled to recover said compensation, in an amount to be determined at trial according to proof, plus interest thereon from the dates of the meal period violations, and attorney's fees and costs.

## FOURTH CAUSE OF ACTION

### Failure to Authorize and Permit Rest Periods

*By Plaintiff, Acting Individually and for the Interests of All Class Members - Against All Defendants*

California Labor Code Sections 226.7, 512, 1198 and 8 California Code of Regulations Section 11040

75.    Plaintiff re-alleges and incorporates herein by reference paragraphs 1-74, inclusive, as though fully set forth herein.

76.    Labor Code sections 226.7, 1198, and the applicable Wage Order provide that it is generally mandate that employers authorize and permit all employees to take rest periods at the rate of 10 minutes net rest time per 4 hours worked.

77.    Defendants failed and refused to provide Plaintiff and the other class members with off-duty rest periods as required by law.  Instead, Defendants often required Plaintiff and other class members to work through all or part of their rest breaks.

78.    Pursuant to Labor Code section 226.7 and the applicable wage order(s), Plaintiff and the other class members are entitled to one hour of pay for each day Defendants did not provide them off-duty meal breaks.

79.    Defendants have failed to pay and continue to fail to pay Plaintiff or any of the other class members one hour of pay for each day Defendants did not provide them off-duty rest breaks.  Accordingly, Plaintiff and all of the other class members are entitled to recover said compensation, in an amount to be determined at trial according to proof, plus interest thereon from the dates of the meal period violations, and attorney's fees and costs.

## FIFTH CAUSE OF ACTION

### Failure to Pay Vested Paid Time Off/Vacation Wages

### *By Plaintiff, Acting Individually and for the Interests of All Class Members - Against All Defendants*

California Labor Code Sections 227.3 and 206.5

80.     Plaintiff re-alleges and incorporates herein by reference paragraphs 1-79, inclusive, as though fully set forth herein.

81.     At all times herein relevant, Labor Code section 227.3 provided that vacation time vests proportionately as labor is rendered. Once an employee accrues vacation, it is treated as wages and cannot be forfeited without compensation. Pursuant to Section 227.3, upon separation from Defendants, Plaintiff and Class members' vested vacation time remaining unused is "wages" that must be paid to them at their regular rate of pay.

82.     During the relevant period, Defendants failed to compensate Plaintiff and other class members their unused accrued vacation time and pay at the time of separation.  Rather, Defendants as a matter of policy or practice required Plaintiff and other class members to execute releases of liability in order to get their vested vacation wages, in violation of Labor Code section 206.5.

83.     Accordingly, Plaintiff and Class members who separated from their employment are entitled to recover wages for all unused vacation time which was forfeited without compensation, in an amount to be proven at trial, and are further entitled to declaratory and/or injunctive relief in the form of an order invalidating any releases of liability signed as a condition of obtaining their vested paid time off, plus interest thereon from the date of separation of employment, attorneys' fees, and costs.

//

//

## SIXTH CAUSE OF ACTION

### Waiting Time Penalties

### *By Plaintiff, Acting Individually and for the Interests of All Class Members - Against All Defendants*

California Labor Code Sections 201, 202, 203, and 206.5

84.    Plaintiff re-alleges and incorporates herein by reference paragraphs 1-83, inclusive, as though fully set forth herein.

85.    At all times herein relevant, Labor Code sections 201 and 202 provided that employees must receive wages earned and unpaid promptly upon termination or resignation.

86.    Because Defendants have willfully failed to promptly pay lawful minimum wages earned, overtime compensation and compensation for meal and rest periods and other premiums as required by law upon termination or resignation, Defendants are liable for continuing wages under Labor Code section 203.

87.    Further, Defendants forced Plaintiff and Class members to execute a release of wage claims to obtain their final pay in violation of Labor Code section 206.5.

88.    Accordingly, Plaintiff and Class members who separated from their employment are entitled to continuing wages from the date on which their final wages were due until the date on which Defendants failed to make payment of such wages, not to exceed thirty (30) days, and are further entitled to declaratory and/or injunctive relief in the form of an order invalidating any releases of liability signed as a condition of obtaining their final wages, plus interest thereon from the date of separation of employment, attorneys' fees, and costs.

//

//

//

**FIRST AMENDED COMPLAINT**

## SEVENTH CAUSE OF ACTION

**Failure to Maintain Accurate Payroll Records and Furnish Accurate Itemized Wage Statements**
*By Plaintiff, Acting Individually and for the Interests of All Class Members - Against All Defendants*

California Labor Code Sections 226, and 1174

89.     Plaintiff re-alleges and incorporates herein by reference paragraphs 1-88, inclusive, as though fully set forth herein.

90.     At all times herein relevant, Labor Code section 226(a) required an employer to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by its employees.

91.     Defendants have knowingly and intentionally failed to comply with Labor Code section 226(a) on each and every wage statement provided to Plaintiff and Class members.

92.     California Labor Code section 1174 requires Defendants to keep, at a central location, accurate information with respect to each employee.

93.     Defendants failed to maintain accurate time-keeping records of the hours worked by Plaintiff and Class members including without limitation, Defendants' failure to record the proper beginning and end of each work period, the meal periods, the total hours worked during the pay period, the applicable rates of pay, and the wages paid.

94.     Accordingly, Plaintiff and Class members are entitled to the civil penalties, for which the employer failed to provide wage deduction statements or failed to keep the records required as prescribed in the California Labor Code sections 226 and 1174, plus attorneys' fees and costs.

//

//

# EIGHTH CAUSE OF ACTION

### Unfair Business Practices
*By Plaintiff, Acting Individually and for the Interests of All Class Members - Against All Defendants*

California Business and Professions Code Sections 17200 *et seq.*

95.     Plaintiff re-alleges and incorporates herein by reference paragraphs 1-94, inclusive, as though fully set forth herein.

96.     Plaintiff suffered direct harm from the illegal business practices herein alleged.

97.     Beginning at an exact date unknown, Defendants have committed acts of unfair business practice as defined in Business and Professions Code section 17200 *et seq.* by engaging in the following acts and practices: (1) failing to pay overtime compensation to employees who worked in excess of 40 hours per week and/or eight hours a day in violation of the California Labor Code; (2) failing to provide employees with legally mandated meal and rest periods in accordance with sections 226.7 and 512 of the California Labor Code, and the applicable wage order; (3) failing to pay all vested vacation time and pay upon separation of employment to the employees as wages at the employees' final rate of pay, in violation of section 227.3 of the California Labor Code; (4) inducing the employees to execute a release of wage claims to obtain their final pay, in violation of section 206.5 of the California Labor Code; (5) failing to pay minimum wages to employees at termination in violation of the California Labor Code; (6) requiring employees to work without paying wages earned and unpaid promptly upon termination or resignation, in violation of California Labor Code sections 201 and 202; and (7) failing to maintain and furnish a wage deduction statement of payroll records.

98.     The violation of Defendants of the applicable wage order is in contravention of state law and, consequently, constitutes an unlawful business act or

practice within the meaning of Business and Professions Code section 17200 *et seq.*

99.   Labor Code section 90.5(a) articulates the public policy of this State to enforce minimum labor standards vigorously.

100.   Through the wrongful and illegal conduct alleged herein, Defendants have acted contrary to the public policy of this State.

101.   As a result of the violations of the UCL, Defendants have unjustly enriched themselves at the expense of their employees.

102.   To prevent this unjust enrichment, Defendants should be required to make restitution to their employees, as identified in this Complaint (and as will be identified through discovery into Defendants' books and records, if any).

103.   Plaintiff requests that the Court enter such orders or judgments as may be necessary to restore to any person in interest any money that may have been acquired by means of such unfair practices, as provided in section 17203 of the California Business and Professions Code.

104.   Plaintiff is a "person" within the meaning of section 17204 of the California Business and Professions Code, and have standing to bring this cause of action.

105.   Pursuant to section 17203 of the California Code of Civil Procedure, Plaintiff requests restitution of all sums obtained by Defendants in violation of section 17200 *et seq.* of the California Business and Professions Code for the period of time from the four years preceding the filing of the Complaint.

106.   The named Plaintiff is a person who has suffered damage as a result of the unlawful actions of Defendants herein alleged. The actions of Defendants herein alleged are in violation of statute, the applicable wage order and in contravention of established public policy, and, accordingly, a court order compelling them to make restitution is a vindication of an important public right. The extent to which Defendants have been unjustly enriched as a result of their unlawful and unfair

business practices is a matter that can be ascertained by examination of the payroll and accounting records that Defendants are required by law to keep and maintain and that Defendants have kept and maintained.

107.   The conduct of Defendants, as alleged herein, has been deleterious to Plaintiff.   Plaintiff's efforts in securing the requested relief will result "in the enforcement of an important right affecting the public interest." Cal. Civ. Proc. Code § 1021.5. Moreover, because "the necessity and financial burden of private enforcement . . . are such as to make [an attorney's fee] award appropriate, and [because attorney's] fees should not in the interest of justice be paid out of the recovery, if any," Cal. Civ. Proc. Code § 1021.5, Plaintiff requests that the Court also award reasonable attorney's fees pursuant to the provisions of section 1021.5 of the California Code of Civil Procedure.

108.   Pursuant to section 17205, the remedies and penalties provided by section 17200 *et seq.* are cumulative to the remedies and penalties available under all other laws of this state.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.     That, with respect to the First Cause of Action, it be adjudged that the failure of Defendants to timely provide Plaintiff and Class members their minimum wages entitle them to said wages, plus liquidated damages in an amount according to proof, interest thereon, reasonable attorney's fees and cost of suit. That, the failure to make payment of wages within the time prescribed by sections 201 and/or 202 of the California Labor Code was "willful," and that this Court award Plaintiff and Class members continuing wages in an amount according to proof.

2.     That, with respect to the Second Cause of Action, it be adjudged that the failure of Defendants to timely provide Plaintiff and Class members their overtime wages entitle them to said wages in an amount according to proof, interest

thereon, reasonable attorney's fees and cost of suit.

3.     That, with respect to the Third Cause of Action, it be adjudged that the failure of Defendants to provide Plaintiff and Class members proper meal periods entitles them to one additional hour of pay for each day a meal period was missed, in an amount according to proof, interest thereon, reasonable attorney's fees and cost of suit..

4.     That, with respect to the Fourth Cause of Action, it be adjudged that the failure of Defendants to provide Plaintiff and Class members proper rest periods entitles them to one additional hour of pay for each day a rest period was missed, in an amount according to proof, interest thereon, reasonable attorney's fees and cost of suit.

5.     That, with respect to the Fifth Cause of action, it be adjudged that the failure of Defendants to compensate Plaintiff and Class members all their unused accrued vacation time entitled them to wages on a pro rata share of their vacation pay, in an amount according to proof, interest thereon, reasonable attorney's fees and cost of suit, along with declaratory and/or injunctive relief in the form of an order invalidating any releases of liability signed on condition of receiving vested vacation wages.

6.     That, with respect to the Sixth Cause of Action, it be adjudged that the failure of Defendants to timely provide Plaintiff and Class members their unpaid minimum wages, vacation pay, and overtime entitles them to waiting time penalties in an amount according to proof, interest thereon, reasonable attorney's fees and cost of suit, along with declaratory and/or injunctive relief in the form of an order invalidating any releases of liability signed on condition of receiving their final wages.

7.     That, with respect to the Seventh Cause of Action, it be adjudged that the failure of Defendants to keep and maintain required payroll records and furnish

accurate itemized statements entitles Plaintiff and Class members to the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), plus reasonable attorney's fees and costs under Labor Code section 226(e), in addition to five hundred dollars ($500) per employee under Labor Code section 1174.5.

8.     That, with respect to the Eighth Cause of Action, it be adjudged that Defendants' violations of sections 201-203, 206.5, 226, 226.7, 227.3, 510, 1174, 1182.12, 1194, and 1198 of the California Labor Code, violated section 17200 *et seq.* of the California Business and Professions Code.   Accordingly, Plaintiff requests that the Court order Defendants to pay restitution in the form of minimum wages as outline in section 1182.12 of the Labor Code, overtime compensation, underpaid compensation for missed meal period and rest periods and continuing wages unlawfully retained by Defendants, with interest. Finally, Plaintiff requests that the Court award Plaintiff his reasonable attorney's fees and costs incurred in the prosecution of the Sixth Cause of Action pursuant to section 1021.5 of the California Code of Civil Procedure.

9.     That, with respect to all Causes of Action, for such further relief as the Court may order.

///

///

///

///

///

///

///

**FIRST AMENDED COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury as to all causes of action.

Dated: November 30, 2020          **SCHWIN LAW, PC**
                                  **BRIANA KIM, PC**


_____

Kevin M. Schwin
Grace E. Pak
Attorneys for Plaintiff Taijin Park

30
**FIRST AMENDED COMPLAINT**